NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1885.

PFALER *v.* RABERG.

*In the matter of the probate of the will of* MARY
KIEDAISCH, *deceased.*

Testator's will contained the following clause : "All the rest, residue and
  remainder of my estate I bequeath to my executrix, *to remain with her
  forever,* upon the following trust, however : to be devoted and applied
  in such sums and amounts as she may see fit, to preserve and keep in
  order my burial place or plot in B. cemetery."—
*Held,* that the trust attempted to be created was for a purpose for which
  the law recognizes the right of a testator to make provision ; and that
  since, by its terms, the entire residue might be at once consumed, the
  bequest was not open to objection as involving an unlawful suspension
  of absolute ownership, or of the power of alienation.

CONSTRUCTION of decedent's will upon an applica-
tion for the probate thereof, made by Louisa Raberg,
the executrix therein named ; and opposed by George
F. Pfaler and another, decedent's next of kin. The
facts are stated in the opinion.

CHARLES GOELLER, *for proponent.*

BROWN & RABE, *for contestants.*

THE SURROGATE.—It is conceded that the paper
propounded as the will of this decedent was properly
executed. I find upon the evidence that, at the time
of its execution, its maker was possessed of testamen-
tary capacity, and was not swayed by any such in-
fluences as the law deems undue. The instrument is,
therefore, entitled to probate.

I am asked, in accordance with the provision of

§ 2624 of the Code of Civil Procedure, to pass upon the validity of the fourth clause. That clause is in words following: "All the rest, residue and remainder of my estate I bequeath to my said executrix, to remain with her forever upon the following trust, however: to be devoted and applied in such sums and amounts as she may see fit, to preserve and keep in order my burial place or plot in Brooklyn cemetery."

This is not a direction, it will be observed, to apply the income of a fund, but a direction to devote the fund itself to the purpose prescribed by the testatrix. The fact that the bequest is given to the executrix "to remain with her forever," when it is considered in connection, on the one hand, with the limitations under which she is placed as regards the purpose to which she may apply it, and, on the other hand, with the discretion allowed her as regards the time of its expenditure, affords no justification for the claim that the testatrix contemplated the preservation and investment of the principal and the expenditure of income alone. As the executrix is empowered to consume the entire residue at once, or to draw upon it from time to time, as in her judgment may seem advisable, the bequest is not open to the objection that it involves an unlawful suspension of the power of alienation (Robert v. Corning, 89 *N. Y.*, 225). The object for which the trust is created is one for which the law recognizes the right of a testator to make provision (Matter of Frazer's accounting, 92 *N. Y.*, 239; Emans v. Hickman, 12 *Hun*, 425; Gilman v. McArdle, 12 *Abb., N. C.*, 414; Matter of Hagenmayer's Will, *id.*, 432). There are no grounds on which I can pronounce this provision invalid.

A decree may be entered admitting the will to probate, and adjudging its fourth clause to contain an effectual disposition of the residuary estate.